UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **Peter S. Herrick, P.A.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:08CV0036 (RBW) |
| ) | |
| **U.S. CUSTOMS AND ,** ) | |
| **BORDER PROTECTION,** ) | |
| U.S. Department of Homeland, ) | |
| Security. ) | |
| ) | |
| ) | |
| Defendant. ) | |

# ANSWER OF DEFENDANT
## DEPARTMENT OF HOMELAND SECURITY

### First Defense

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### Second Defense

Answering specifically the numbered paragraphs of Plaintiff's complaint, using the same paragraph numbering, and without waiving any defenses and/or objections, Defendant admits, denies, or otherwise avers as follows:

1. This paragraph contains conclusions of law, and not averments of fact, to which an answer is not required; but to the extent an answer is required, deny.

2. Defendant admits only that this Court has jurisdiction over this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

3. Defendant is without sufficient information upon which to form a belief as to the truth or falsity of the averments in this paragraph.

4.     Admits that Customs and Border Protection is an agency of the Federal Government; although, it is not a proper party defendant within the meaning of 5 U.S.C. 552(f) or 5 U.S.C. 552a(1).

5.     Defendant denies the allegations contained in paragraph five of the Plaintiff's complaint.

6.     Defendant denies the allegations contained in paragraph six of the Plaintiff's complaint.

7.     Defendant admits that Plaintiff filed an appeal but denies that it was because of the FOIA request listed in paragraph 5 of the Complaint.

8.     Defendant denies the allegations contained in paragraph eight of the plaintiff's complaint.

9.     Defendant denies the allegations contained in paragraph nine of the plaintiff's complaint.

10.    Defendant denies the allegations contained in paragraph ten of the plaintiff's complaint.

The balance of Plaintiff's complaint consists of the Plaintiff's Prayer for Relief, which does not require a response. To the extent a response is required, deny.

Defendant denies each and every allegation in the complaint that has not been previously otherwise qualified or denied. Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

WHEREFORE, Defendant requests the Court to enter a judgment:

a. Dismissing the complaint against it with prejudice; and,

b. Awarding it such other and further relief as the Court deems just, equitable and proper.

Respectfully submitted,

/s/
_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
_____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Rm. 4-4808
Washington, D.C. 20530
(202) 305-1334

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Peter S. Herrick, P.A.,** )<br>)<br>**Plaintiff,** )<br>)<br>v.    )<br>)<br>**U.S. CUSTOMS AND ,** )<br>**BORDER PROTECTION,** )<br>**U.S. Department of Homeland,** )<br>**Security.** )<br>)<br>)<br>**Defendant.** )<br>_____ ) | Case No. 08 - 0036 (RBW) |

**Proposed Briefing Schedule**

Plaintiff filed the aforementioned action pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, specifically requesting the U.S. Customs and Border Protection to produce documents relating to "the names and addresses of companies who have paid duties on their vessel repairs for the period February 1, 2006 to November 15, 2007." See Complaint ¶ 5. The request as presented in Plaintiff's complaint is different from the request actually received by the Defendant. The actual FOIA request dated November 15, 2007, requested the production of: " the names and addresses of companies who have filed with CBP applications for relief from the imposition of vessel repair duties pursuant to 19 U.S.C. § 1466. The time period for this request is from January 1, 2006 through November 15, 2007." Plaintiff is aware of the discrepancy and has agreed to modify his request to that which is plainly stated in his complaint, paragraph 5.

As a result, the Defendant will need 90 days to process the amended request by

**Exhibit A**

completing business submitter notifications per 19 C.F.R. § 103.35.  Moreover, to the extent that exemptions may be claimed on any release, Defendant desires to file a <u>Vaughn</u> index and motion for summary judgment.  To that end, Defendant proposes the following tentative briefing schedule[1]:

| | |
|---|---|
| Defendant's Motion for Summary Judgment | May 27, 2008; |
| Plaintiff's Opposition | June 11, 2008; and |
| Defendant's Reply | June 24, 2008. |

The Plaintiff consents to the proposed dates as set forth above.


Dated:  February 11, 2008.


                                      Respectfully submitted,


                                      /s/

                            JEFFREY A. TAYLOR, D.C. Bar # 498610
                            United States Attorney

                                      /s/


                            RUDOLPH  CONTRERAS, D.C. Bar # 434122
                            Assistant United States Attorney

---

[1] The Defendant cannot make a determination on if/how it will release information requested by Plaintiff until it receives responses to the business submitter notifications that it intends to send out.  Therefore, while the Defendant believes that the business submitter notification process can be completed within the 90 days, an additional extension may be necessary to complete the briefing as required.

**Exhibit A**

/s/
_____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Rm. 4-4808
Washington, D.C.  20530
(202) 305-1334