## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**PETER S. HERRICK, P.A.**
**3520 Crystal View Court**
**Miami, Florida 33133,**

             **Plaintiff,**

**v.**                       **Civil Action No. 08-0036 (JR)**

**U. S. CUSTOM AND**        **COMPLAINT FOR**
**BORDER PROTECTION**     **INJUNCTIVE RELIEF**
**1300 Pennsylvania Ave. NW**
**Washington, D. C. 20229,**

             **Defendant.**

_____/

## PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES

Plaintiff, Peter S. Herrick, P. A. ["Herrick"] pursuant to the Freedom of Information Act ["FOIA"] 5 U.S.C. §552(a)(4)(E) and 28 U.S.C. §1920, respectfully requests that attorneys fees and costs be awarded to Herrick in the above-captioned action. The motion is supported by a verified itemization of attorney time. As explained herein, Herrick's request for $7,158.90 is entirely reasonable in light of the facts of this case.

## MEMORANDUM OF LAW

### I.  Factual Background

This case involves Herrick's efforts to have the defendant, U. S. Customs and Border Protection ["Customs"] provide the names and addresses of companies who have paid duties on their vessel repairs for the period February 1, 2006 to November 15, 2007.

This FOIA request was made in a letter to the Customs Security, Carriers & Immigration Branch, Washington, D.C. dated November 15, 2007. When there was no response Herrick filed a FOIA appeal to this office for these documents in a letter of January 2, 2008. Customs acknowledged this appeal in a letter of January 11, 2008. When the requested records were not forthcoming, Herrick filed a forfeiture complaint on February 2, 2008. In an email letter of June 26, 2008 counsel for the defendant provided the names and addresses of 42 companies who filed vessel repair entries during this period. Copy enclosed as Exhibit A.

## II.   Eligibility

### A.   Herrick is Entitled to an Award of Attorney Fees

FOIA allows awards of attorneys fees and costs to prevailing plaintiffs for two purposes: (1) "to encourage Freedom of Information Act suits that benefit the public interest" and (2) to serve "as compensation for enduring an agency's unreasonable obduracy in refusing to comply with the Freedom of Information Act's requirements." LaSalle Extension Univ. v. Federal Trade Comm'n., 627 F. 2d 481, 484 (D.C. Cir. 1980). FOIA provides for an award of attorney fees pursuant to 5 U.S.C. §552(a)(4)(E) as follows:

> "(E)   (i)   The court may assess against the United States reasonable attorney fees and other litigation cost reasonably incurred in any case under this section in which the complainant has substantially prevailed.
>    (ii)   For purposes of this subparagraph, a complainant has substantially prevailed if the complainant has obtained relief through either –
>       (I)   a judicial order, or an enforceable written agreement or consent decree; or
>       (II)   a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial."

2

**1.    Herrick Has "Substantially Prevailed" And Is Entitled To Attorney**

**Fees Under The "Catalyst Theory"**

In <u>Oil, Chemical And Atomic Workers International Union v. Department Of Energy</u>,

288 F. 3d 452, 454 (DC Cir. 2002) the court correctly pointed out that:

> "In order to recover attorney's fees in a FOIA case, the plaintiff must have
> 'substantially prevailed': the 'court may assess against the United States
> reasonable attorney fees and other litigation costs reasonably incurred in any
> case under this section in which the complainant has substantially prevailed.'
> 5 U.S.C. §552(a)(4)(E). In determining whether plaintiffs are eligible for an
> award, we have followed the 'catalyst theory.' So long as the 'litigation
> substantially caused the requested records to be released,' the FOIA plaintiff
> could recover attorney's fees even though the district court had not rendered
> a judgment in the plaintiff's favor." [citations omitted]

It is difficult to understand why the court in *Oil*, after explaining that the courts have always

followed the "catalyst theory" in FOIA attorney fee cases then decided that the ruling in

<u>Buckhannon Bd. & Care Home Inc. v. West Virginia Dep't of Health & Human Res.</u>, 532

U.S. 598 (2001) was to be applied to FOIA attorney fee cases. This was not the holding in

*Buckhannon*. In fact in *Buckhannon*, a 5 to 4 decision, the dissent strongly argued against

the majority interpreting fee-shifting statutes. Actually *Oil* left the door open to the "catalyst

theory" when it stated at page 455 "unless there is some good reason for doing otherwise."

In fact the "catalyst theory" must be employed in this case for the very reason set forth

in *Oil* at page 456:

> "The union also maintains that since FOIA cases are equitable in nature, the
> limitations imposed in *Buckhannon* are not appropriate. Judge Friendly made
> the argument forcefully in an influential opinion:
>
>> To take an extreme example, Congress clearly did not mean that

3

> where an FOIA suit had gone to trial and developments made it
> apparent that the judge was about to rule for the plaintiff, the
> Government could abort any award of attorney fees by an eleventh
> hour tender of the information requested.

*Vermont Low Income Advocacy Council*, 546 F. 2d at 513."

More than 5 months after the filing of the FOIA appeal and 4 months after the filing of the

FOIA complaint Customs released all of the requested records.   Pursuant to section

552(a)(4)(E)(ii)(II) attorneys fees must be awarded for this change in position by Customs.

In <u>Vermont Low Income Advocacy Council, Inc. v. William J. Usery</u>, 546 F. 2d 509

(2nd Cir. 1976), Judge Friendly pointed out at page 512 that the legislative history of section

552(a)(4)(E) was "unusually complete."   Further at page 513 Judge Friendly stated: "[i]n

order to obtain an award of attorney fees in an FOIA action, a plaintiff must show at

minimum that the prosecution of the action could reasonably have been regarded as

necessary and that the action had substantial causative effect on the delivery of the

information."   Such is the current situation.   Herrick found it necessary to commence this

action and it caused the release of requested documents.

It now must be pointed out that the legislative history of section 552(a)(4)(E)

continues to be "unusually complete."   On December 31, 2007 the Open Government Act

of 2007 was signed into law.   *Inter alia*, this Act amended section 552(a)(4)(E) by codifying

the "catalyst theory."   In Senator Patrick Leahy's press release of December 18, 2007 [1] he

commented on this Act:

---

[1]  http://leahy.senate.gov/press/200712/121807c.html

4

"The bill also clarifies that the Supreme Court's decision in *Buckhannon Board and Care Home, Inc. v. est Virginia Dep't of Health and Human Resources*, 532 U.S. 598 (2001), which eliminated the 'catalyst theory' for attorneys' fees recovery under certain federal civil rights laws, does not apply to FOIA cases."

The Senator went on to say that FOIA requestors have raised concerns that the holding in *Buckhannon* could be extended to FOIA cases. This section preserves the "catalyst theory" in FOIA litigation.

Without equivocation, and, notwithstanding the apparent attempt to move away from the "catalyst theory" in FOIA attorney fee case espoused in *Oil*, the "catalyst theory" never left the building. Congress was concerned that the holding in *Buckhannon* could be extended to FOIA cases and determined this had not happened and would not happen by codifying the "catalyst theory."

### 2.   Herrick Is Entitled To Attorney Fees Under Section 552(a)(4)(E)(ii)(I)

Customs voluntarily changed its position and released all of the requested records.

## III.   Entitlement

### 1.   Balancing the Relevant Factors Warrants an Award

In addition before granting an award of attorneys fees to a plaintiff that has "substantially prevailed," a Court also must consider the following four factors: "(1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiffs' interest in the records; and (4) whether the Government had a reasonable basis for withholding requested information." Burka v. U.S. Dep't of Health & Human

5

Servs., 142 F. 3d 1286, 1288 (D.C. Cir. 1998). The second and third factors are "closely related and often considered together." Cotton v. Heyman, 63 F. 3d 1115, 1120 (D.C. Cir. 1995). The balancing of these factors in this case clearly supports awarding attorneys fees to Herrick.

### a.    Public Benefit

According to the D.C. Circuit, a FOIA action results in a public benefit if a plaintiff's victory is "likely to add to the fund of information that citizens may use in making vital political choices." Cotton, supra, p. 1120. To paraphrase Autoalliance International, Inc. v. United States Customs Service, 300 F. Supp. 2d 509, 514 (EDMI 2004) Customs' conduct was unreasonable when it did not begin to seriously examine the plaintiff's requests until after suit was filed. "Overall, the pubic interest is benefitted by holding Customs responsible for its failure to release documents." Autoalliance, supra, p. 514.

### b.    Commercial Benefit/Nature of Plaintiff's Interest

The list of names and addresses that has been obtained may be used in a variety of ways. Should changes be made to 19 U.S.C. §1466, the controlling statute for vessel repair entries, these companies will be apprised of the changes. Should Customs issue a ruling favorable to these filers, again they will be apprised.

### c.    Reasonableness of Government's Basis for Withholding

Where the government has unreasonably withheld records, a fee award is appropriate if the agency was recalcitrant in its opposition to a valid claim or otherwise engaged in obdurate behavior. Tax Analysts v. U. S. Dept of Justice, 965 F. 2d 1092 (D.C. Cir. 1992),

6

supra.. Also, e.g. <u>Oil, Chemical & Atomic Workers International Union v. U. S. Department of Energy</u>, 141 F. Supp. 2d 1, 8 (D.D.C. 2001).

Customs' conduct clearly justifies a fee award. This is not a close case. First and foremost, Customs provided no documents until after litigation was commenced. Customs did not have a reasonable basis in its delays in releasing the requested documents. NYC is eligible and entitled to attorneys' fees associated with this case. Customs required Herrick to pay $1,161.40 for the release of the records. Of course there was a $350.00 filing fee.

## IV.    **The Requested Award Is Reasonable**

Fee awards are calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate resulting in a lodestar amount. <u>Copeland v. Marshall</u>, 641 F. 2d 880 (D.C. Cir. 1980). On the enclosed time sheets, Exhibit B, "PSH" represents Peter S. Herrick who has been admitted to practice since 1968. "RL" represents Roy Leon, an associate with the law firm, Peter S. Herrick, P.A. Mr. Leon was admitted to practice in 2001. Using the Laffey Matrix for the period 04-05, PSH was billing at the rate of $450 per hour and RL at the rate of $300 per hour. These rates are reasonable for attorneys practicing in the U. S. District Court for the District of Columbia. See, <u>Autoalliance</u>, <u>supra</u>, p. 515.

A verified itemization of attorney time spent by Herrick in this matter is enclosed as Exhibit A. The itemization was generated from the contemporaneously-kept time records of PSH and RL.

## V.    **Local Rule 7.1(m) Certificate**

Pursuant to Local Rule 7.1(m) undersigned counsel submitted a letter dated June 27,

7

2008 to counsel for Customs. NYC's letter requested payment of $3,027.50 for attorney fees. Undersigned counsel's time sheets were included with the letter.

A law firm, such as Herrick, representing itself is eligible for attorney fees. <u>Baker v. Hostetler, LLP v. U S Department of Commerce</u>, 473 F. 3d 312, 324 (D.C. Cir. 2006).

In an email dated July 22, 2008 in response to the June 27th letter, counsel for Customs advised undersigned counsel that the government would not pay the requested fees.

WHEREFORE, Herrick respectfully requests the Court to award it attorneys fees in the amount of $7158.90 for 13.75 hours including costs.

Respectfully submitted,


_____/s/_____
PETER S. HERRICK, D.C. Bar #137935
Peter S. Herrick, P.A.
3520 Crystal View Court
Miami, Florida 33133
Tel. 305-858-2332
Fax. 305-858-6347
Email: pherrick@bellsouth.net
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the Plaintiff's Motion For Award Of Attorney Fees was sent by regular U. S. Mail to Heather Graham-Oliver, Esq., Assistant U. S. Attorney, attorney for defendant, 555 4th Street NW, Room 4-4808, Washington DC 20001 on July 24, 2008.

_____/s/_____
Peter S. Herrick

# EXHIBIT A



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

June 26, 2008

VIA ELECTRONIC TRANSMISSION
pherrick@bellsouth.net

Mr. Peter S. Herrick, Esq.
Peter S. Herrick, P.A.
3520 Crystal View Court
Miami, Florida 33133-4025

Re: Herrick v. U.S. Customs and Border Protection,
Civ. Act. No. 08-0036 (JR)

Dear Mr. Herrick:

As was requested in the aforementioned FOIA matter, please find attached a three page spreadsheet with the names and addresses of companies that have paid vessel repair duties for the period 2/1/2006 through 11/15/2007.

I am also sending you a Notice of Dismissal. Should you need anything further, please do not hesitate to call me at (202) 305-1334.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

/s/

By:    _____

HEATHER GRAHAM-OLIVER
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530

Names and Address of Companies -- Vessel Repair Duties During Period 2/01/2006 - 11/15/2007

| Company Name | ADDRESS 1ST LINE | 2ND LINE | CITY | STATE | ZIP |
|---|---|---|---|---|---|
| MAREMAR TANKER CORPORATION | 1209 NORTH ORANGE STREET | | WILMINGTON | DE | 19801-1120 |
| MARINE TRANSPORT MANAGEMENT INC | 9487 REGENCY SQUARE BOULEVARD | | JACKSONVILLE | FL | 32225-8126 |
| MAR-TEX SHIPPING/CHARTING AGENCY | 1314 TEXAS STREET | SUITE 814 | HOUSTON | TX | 77002-3500 |
| MATSON NAVIGATION COMPANY INC | 555 12TH STREET | | OAKLAND | CA | 94607-4046 |
| MORAN TOWING & TRANSPORTATION | 50 LOCUST AVENUE | | NEW CANAAN | CT | 06840-4737 |
| OCEAN BULK SHIPS INC | 1209 NORTH ORANGE STREET | | WILMINGTON | DE | 19801-1120 |
| OSG CAR CARRIERS INC | 666 3RD AVENUE | | NEW YORK | NY | 10017-4011 |
| SARGEANT MARINE INC | 3020 NORTH MILITARY TRAIL | SUITE 100 | BOCA RATON | FL | 33431-1805 |
| SEABULK INTERNATIONAL INC | 2200 ELLER DRIVE | | FORT LAUDERDALE | FL | 33316-0000 |
| SEALIFT INC | 68 WEST MAIN STREET | SUITE 200 | OYSTER BAY | NY | 11771-2298 |
| SEA STAR LINE LLC | 200 NORTH DAIRY ASHFORD STREET | | HOUSTON | TX | 77079-1101 |
| SHELL OFFSHORE INC | 200 NORTH DAIRY ASHFORD STREET | | HOUSTON | TX | 77079-1101 |
| STRONG PATRIOT LLC | 68 SOUTHFIELD AVENUE | SUITE 210 | STAMFORD | CT | 06902-7237 |
| STRONG VESSEL OPERATORS LLC SVO | 68 SOUTHFIELD AVENUE | SUITE 210 | STAMFORD | CT | 06902-7237 |
| TECO OCEAN SHIPPING | 702 NORTH FRANKLIN STREET | FLOOR 5 | TAMPA | FL | 33602-4440 |
| THE FISHING COMPANY OF ALASKA INC | 200 WEST THOMAS STREET | SUITE 440 | SEATTLE | WA | 98119-4215 |
| TRANSATLANTIC LINES LLC | 6 LINCOLN AVENUE | | GREENWICH | CT | 06830-5751 |
| TRANSBULK CARRIERS INC | 666 3RD AVENUE | | NEW YORK | NY | 10017-4011 |

Names and Address of Companies -- Vessel Repair Duties During Period 2/01/2006 - 11/15/2007

| Company Name | ADDRESS 1ST LINE | 2ND LINE | CITY | STATE | ZIP |
|---|---|---|---|---|---|
| AMBERMAR TANKER CORPORATION | 1209 NORTH ORANGE STREET | | WILMINGTON | DE | 19801-1120 |
| AMERICA CARGO TRANSPORT INC | 16300 CHRISTENSEN ROAD | SUITE 203 | TUKWILA | WA | 98188-3403 |
| AMERICAN OVERSEAS MARINE CORPORATION | 100 NEWPORT AVENUE EXT | | QUINCY | MA | 02171-1734 |
| AMERICAN ROLL ON ROLL OFF | 1 MAYNARD DRIVE | | PARK RIDGE | NJ | 07656-1878 |
| APL MARITIME LTD | 6901 ROCKLEDGE DRIVE | | BETHESDA | MD | 20817-1817 |
| CENTRAL GULF LINES INC | PO BOX 1987 | | MOBILE | AL | 36633-1987 |
| CROWLEY PETROLEUM SERVICES INC | 9487 REGENCY SQUARE BOULEVARD | | JACKSONVILLE | FL | 32225-8126 |
| E-SHIPS INC | 1 WHITEHALL STREET | | NEW YORK | NY | 10004-2109 |
| FORTUNE MARITIME LLC | 68 WEST MAIN STREET | | OYSTER BAY | NY | 11771-2284 |
| GLOBAL CONTAINER LINES LTD | 100 QUENTIN ROOSEVELT BOULEVARD | SUITE103 | GARDEN CITY | NY | 11530-4843 |
| HORIZON LINES LLC | 1675 LINCOLN AVENUE | BUILDING 300 | TACOMA | WA | 98421-2906 |
| INTERMARINE LLC | 365 CANAL STREET | SUITE 2400 | NEW ORLEANS | LA | 70130-1142 |
| ISS MARINE SERVICES INC | 118 NORTH ROYAL STREET | SUITE 400 | MOBILE | AL | 36602-3603 |
| K-SEA TRANSPORTATION LLC | 2700 WEST COMMODORE WAY | | SEATTLE | WA | 98199-1246 |
| LIBERTY MARITIME CORPORATION | 1979 MARCUS AVENUE | SUITE 20 | NEW HYDE PARK | NY | 11042-1002 |
| LOWER LAKES TRANSPORTATION COMPANY | 625 MAIN STREET | PORT DOVER | CANADA | ON | N0A1N0 |
| LUXMAR TANKER CORPORATION | 1209 NORTH ORANGE STREET | | WILMINGTON | DE | 19801-1120 |
| MAERSK LINE LTD | 1 COMMERCIAL PLACE | 20TH FLOOR | NORFOLK | VA | 23510-2103 |

FOIA 2008F1621

1 of 3

Names and Address of Companies -- Vessel Repair Duties During Period 2/01/2006 - 11/15/2007

| Company Name | ADDRESS 1ST LINE | 2ND LINE | CITY | STATE | ZIP |
|---|---|---|---|---|---|
| U.S. MARITIME ADMINISTRATION | 400 7TH STREET SW | ROOM 2122 | WASHINGTON | DC | 20590-0001 |
| USS CHARTERING LLC | PO BOX 2945 | | EDISON | NJ | 08818-2945 |
| VICTORY MARITIME INC | 68 WEST MAIN STREET | | OYSTER BAY | NY | 11771-2284 |
| WALLENIUS WILHELMSEN LOGISTICS | 188 BROADWAY | | WOODCLIFF LAKE | NJ | 07677-8067 |
| WATERMAN STEAMSHIP CORPORATION | PO BOX 2008 | | MOBILE | AL | 36652-2008 |
| WILSON SHIPPING COMPANY LLC | 68 WEST MAIN STREET | | OYSTER BAY | NY | 11771-2284 |

FOIA 2008F1621

# EXHIBIT B

Peter S. Herrick, P.A.
Attorney at Law
3520 Crystal View Court
Miami, Florida 33133
Telephone (305) 858-2332
Telecopier (305) 858-6347
Email: pherrick@bellsouth.net

Peter S Herrick, P.A.
Miami  FLA

ATTN: Mr. Peter S. Herrick

Page: 1
07/23/2008
ACCOUNT NO:        83205-15
STATEMENT NO:             1

Vessel Repair FOIA

| Date | | Description | HOURS | |
|------|-----|-------------|-------|------|
| 01/07/2008 | PSH | Research FOIA; review file; prepare complaint | 1.50 | 675.00 |
| | RL | Review DC court rules and procedures for filing complaint.  Review court rules for signature page and/or electronic signatures for psh.  Prepare court forms, civil cover sheet and summons.  Scan and save copies.  Prepare copies and burn cd for court.  Prepare fed ex packet and return fed ex packet.  Travel time to Bird Road Fed Ex drop off. | 1.50 | 450.00 |
| 01/08/2008 | RL | Track and confirm delivery of fed ex packet with complaint to the Lex Group for in person filing at DC Court. | 0.10 | |
| | PSH | Discussions with CBP and fax | 0.25 | 112.50 |
| 01/09/2008 | RL | Receive conformed copies summons, complaint and court forms by fed ex.  Scan and save.  Prepare fed ex packet for service on AUSA.  Mail   copies to Customs and DOJ.  Travel time to late fed ex drop off. | 0.50 | |
| | PSH | Review filed complaint | 0.10 | 45.00 |
| 01/11/2008 | RL | Confirm service of process to U.S. Attorney by Fed Ex on website.  Prepare certificate of service. | 0.10 | |
| 01/23/2008 | PSH | Discuss FOIA with Carlos in New Orleans | 0.10 | 45.00 |
| 02/01/2008 | PSH | Discussions with AUSA to clarify request | 0.20 | 90.00 |
| 02/04/2008 | PSH | Email to AUSA to clarify paragraph 5 | 0.25 | 112.50 |
| 02/08/2008 | PSH | Telephone discussions and exchange emails with AUSA on scheduling | 0.50 | 225.00 |
| 02/27/2008 | PSH | Letter to customs with $250 | 0.20 | 90.00 |
| 05/05/2008 | PSH | Discussions with AUSA on extending reply date and additional fees | 0.25 | 112.50 |
| 05/28/2008 | PSH | Review revised scheduling order | 0.20 | 90.00 |
| 06/12/2008 | PSH | Email Ausa to explain charges | 0.20 | 90.00 |
| 06/16/2008 | PSH | Analyze billing for documents and prepare check | 0.50 | 225.00 |
| 06/19/2008 | PSH | Review AUSA's status report to the court | 0.20 | 90.00 |
| 06/26/2008 | PSH | Analyze list of companies received from AUSA | 0.50 | 225.00 |
| | PSH | Analyze spread sheet and email Ausa for missing pages | 0.25 | 112.50 |
| | PSH | Prepare attorney fee request | 0.50 | 225.00 |
| 07/22/2008 | PSH | Government refuses to pay fees | 0.10 | 45.00 |
| 07/23/2008 | PSH | Reviewing chronology of case file | 1.00 | 450.00 |
| | PSH | Legal research on FOIA attorney fees | 2.00 | 900.00 |
| | PSH | Final preparation of time sheets | 0.75 | 337.50 |
| | PSH | Prepare motion for attorney fees | 2.00 | 900.00 |
| | | FOR CURRENT SERVICES RENDERED | 13.75 | 5,647.50 |

| | | | |
|-|-|-|-|
| 12/31/2007 | | | |
| 07/23/2008 | | Court filing fee | 350.00 |

Vessel Repair FOIA

| 07/23/2008 | Required payments to customs for records | 1,161.40 |
| | TOTAL EXPENSES | 1,511.40 |
| | | |
| | TOTAL CURRENT WORK | 7,158.90 |
| | | |
| | BALANCE DUE | $7,158.90 |

I declare under penalty of perjury under the laws of the United States of America that the prior information and/or information is true and correct pursuant to 28 U.S.C. §1746.

_____          Executed on July 23, 2008

Peter S. Herrick