IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Peter S. Herrick, P.A.,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**U.S. CUSTOMS AND ,** )<br>**BORDER PROTECTION,** )<br>**U.S. Department of Homeland,** )<br>**Security.** )<br>)<br>)<br>**Defendant.** )<br>_____ ) | Case No.  08 - 0036 (RBW) |

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

    **I.**    **INTRODUCTION**

Plaintiff, Peter S. Herrick, Esq., is requesting his attorney's fees pursuant to the Freedom of Information Act (FOIA) 5 U.S.C. §552(a)4(E) and 28 U.S.C. § 1920.  Because Mr. Herrick's Complaint was insubstantial and did not cause the Defendant to change its position, he is not entitled to attorney's fees in the above referenced matter.  See 5 U.S.C. § 552(a)(4)(E)(ii)(II); OPEN Government Act of 2007, Pub.L.No.110-175.

    **II.**    **BACKGROUND**

On November 15, 2007, Mr. Herrick sent a request to U.S. Customs and Border Protection ("CBP") pursuant to the Freedom of Information Act, 5 U.S.C. § 552a (FOIA).  In his request, Plaintiff asked for "the names and addresses of companies who have filed with CBP applications for relief from the imposition of vessel repair duties pursuant to 19 U.S.C. § 1466. The time period for this request is from January 1, 2006 through November 15, 2007."

Exhibit 1.

Mr. Herrick then sent a letter on January 2, 2008 entitled a "Freedom of Information Act Appeal" requesting the same information. Exhibit 2. Plaintiff was informed in a January 9, 2008 letter that the "requested information is not readily available in any compiled list or reports, nor can [it] be generated through the means [sic] by querying CBP electronic databases." Exhibit 3. Accordingly, Plaintiff was asked to pay a minimum of $250.00 in fees pursuant to 5 U.S.C. § 4(A)(v). Id. The requested information was stored in paper files in the Defendant's records room which had to be manually searched.

On January 8, 2008, Plaintiff filed a complaint alleging something quite different, e.g., that he requested "the names and addresses of companies who have paid duties on their vessel repairs for the period of February 1, 2006 to November 15, 2007." Compl. ¶ 5. The information requested in Plaintiff's complaint is materially different from his initial FOIA request. First, his original request asked for the names and addresses of all companies who had *filed an application for relief* from vessel repair duties with the Defendant. In his complaint, Plaintiff requested the names and addresses only of those who had actually *paid* duties. Plaintiff initially requested every person who requested relief, not simply those who had paid duties. The difference is particularly significant since the latter is information readily accessible in the Defendant's electronic databases. Second, the time periods for the two requests are clearly different–his initial request sought records from 1/1/2006 to 11/15/2007; while his complaint requested records from 2/1/2006 to 11/15/2007.

Because Plaintiff's Complaint did not articulate the same request as his initial FOIA request, the Defendant denied Plaintiff's allegation that he had properly requested the "names

and addresses of companies who have paid duties on their vessel repairs for the period of February 1, 2006 to November 15, 2007." Answer ¶ 5. Plaintiff was informed of the discrepancy by the Defendant and agreed to accept the records requested in the Complaint. Thereafter, the Defendant produced the information requested in the Complaint.

### III.     ARGUMENT

**Mr. Herrick Has Not Substantially Prevailed And Is Not Entitled To Attorney's Fees Under The "Catalyst Theory"**

Pursuant to the "catalyst theory," the Plaintiff should not receive attorney's fees because his federal court litigation is not the substantial cause of the defendant's decision to release information. Pursuant to 5 U.S.C. § 552(a)(4)(E)(ii)(II), Plaintiff is only entitled to fees if his claim is not insubstantial. Plaintiff's Complaint was insubstantial and did not cause the agency to change its position. The Defendant was under no duty to produce the documents requested as no formal FOIA request had ever been made for the records specified in the Complaint. The FOIA specifies only two requirements for an access request: it must describe the records sought and be made in accordance with the agency's published FOIA regulations. See, e.g., Church of Scientology v. IRS, 172 F.2d 146, 150 (D.C. Cir. 1986) (stating that requesters must follow "the statutory command that request be made in accordance with published rules"). Plaintiff never made a proper FOIA request for the information that he ultimately received.

Moreover, the exhaustion of administrative remedies is required prior to the filing of suit and precludes this request for fees. It can hardly be said that Plaintiff was entitled to relief having never even begun the proper FOIA request process. Hidalgo v. F.B.I., 344 F.3d 1256 (D.C. Cir. 2003); see also Lowe v. Drug Enforcement Admin., 2007 WL 2104309, No. 06-1133

(D.D.C. Jul 22, 2007) (Plaintiff's failure to properly file an initial FOIA request constituted a failure to exhaust administrative remedies). Instead, Plaintiff's complaint, filed on January 8, 2008, demanded information never properly requested in an initial FOIA request.

Furthermore, while the Defendant agreed to release the records requested in his complaint, it did so as a generous accommodation to Mr. Herrick. The Defendant's action did not result from a reconsideration of its original position in response to Plaintiff's lawsuit, since Plaintiff had never sent a FOIA request for the information released. As such, Mr. Herrick is not a substantially prevailing party. See Judicial Watch, Inc. v. Bureau of Land Management, 2008 WL 2554831, No. 07-1570 (D.D.C. 2008).

### IV.   CONCLUSION

For all of the foregoing reasons, plaintiff's motion for attorney's fees should be denied.

Respectfully submitted,

/s/
_____
JEFFREY A. TAYLOR
United States Attorney

/s/
_____
RUDOLPH CONTRERAS
Assistant United States Attorney

/s/
_____
HEATHER GRAHAM-OLIVER
Assistant United States Attorney
555 Fourth Street, N.W.
Civil Division
Washington, D.C. 20530
(202) 305-1334

EXHIBIT 1

# PETER S. HERRICK, P.A.
## ATTORNEYS AT LAW

**MAIL TO:**
3520 Crystal View Court
Miami, Florida 33133
Tel. 305-858-2332
Fax. 305-858-6347
Of Counsel: Roy Leon

301 East Ocean Blvd.
Suite 530
Long Beach, CA 90802
Tel. 562-628-2355
Email: pherrick@bellsouth.net
Web: CustomsLawyer.Net

November 15, 2007

<u>TELECOPY ONLY (202-572-8727)</u>

<u>FREEDOM OF INFORMATION ACT</u>

Glen E. Vereb
Chief
Cargo Security, Carriers & Immigration Branch
U S Customs and Border Protection
Washington, DC 20229

Dear Mr. Vereb:

    This is a request for records, including electronic records such as emails, filed pursuant to the Freedom of Information Act, 5 U.S.C. §552, *et seq.* We request the names and addresses of companies who have filed with CBP applications for relief from the imposition of vessel repair duties pursuant to 19 U.S.C. §1466. The time period for this request is from January 1, 2006 through November 15, 2007.

    We request the records be made available within the time prescribed by law. We agree in advance to pay for reasonable search and copy charges.

Sincerely,

Peter S. Herrick

# PETER S. HERRICK, P.A.
## ATTORNEYS AT LAW

**MAIL TO:**
3520 Crystal View Court
Miami, Florida 33133
Tel. 305-858-2332
Fax. 305-858-6347
Of Counsel: Roy Leon

301 East Ocean Blvd.
Suite 530
Long Beach, CA 90802
Tel. 562-628-2355
Email: pherrick@bellsouth.net
Web: CustomsLawyer.Net

January 2, 2008

TELECOPY ONLY (202-572-8727)

FREEDOM OF INFORMATION ACT APPEAL (Corrected)

Glen E. Vereb
Chief
Cargo Security, Carriers & Immigration Branch
U S Customs and Border Protection
Washington, DC 20229

Dear Mr. Vereb:

On November 15, 2007 we sent a FOIA request to your office for the names and addresses of companies who have filed with CBP applications for relief from the imposition of vessel repair duties pursuant to 19 U.S.C. §1466. The time period for this request is from January 1, 2006 through November 15, 2007. To date we have not received these records and this is a FOIA appeal of this delay.

We bring to your attention that the Open Government Act of 2007 amending the Freedom of Information Act was signed into law on December 31, 2007. This law clarifies that the 20 day response period begins upon receipt of the request and a failure to comply within the 20 days prevents assertion of section 552(b) exemptions. Further, if we must litigate this request we will be eligible for attorney fees.

Sincerely,

Peter S. Herrick

EXHIBIT 3



U.S. Department of Homeland Security
Washington, DC 20229

U.S. Customs and
Border Protection

DIS-2-OFO:FP DG
2008F1621

January 9, 2008

Mr. Peter S. Herrick
Attorneys at Law
301 East Ocean Blvd.
Suite 350
Long Beach, California 90802

Dear Mr. Herrick:

This is to acknowledge receipt of your Freedom of Information (FOIA) request on records and information as maintained U.S. Customs and Border Protection.

Your request for records under FOIA were for the names of companies and the corresponding addresses that have filed applications for relief from vessel repair duties pursuant to 19 USC 1466, for the time period of January 1, 2006 through November 15, 2007.
The names of the companies and the addresses would likely be commercial information about importers that may be deemed confidential. FOIA Exemption 4 protects from public disclosure information that is "(1) commercial or financial, (2) obtained from a person, and (3) privileged or confidential. Records are deemed to be "commercial" as long as the submitter has a "commercial interest" in them and records are considered to "obtained from a person" as long as they were submitted by a "partnership, corporation, association, or public or private organization other that an agency." 5 USC 551(2).

The FOIA request has been referred to the vessel repair section for the Port of New Orleans. Our preliminary discussion with the vessel repair CBP Officers at the Port of New Orleans has revealed that the requested information is not readily available in any compiled list or reports, nor can the requested information be generated through the means by querying the CBP electronic databases.

In accordance with 5 U.S.C. 552 (4)(A)(v), the Customs Service requests prepayment of fees prior to the release of documents, as the agency has determined that the fee will exceed $250.

Upon receipt of your check by this office for the minimum of $250, payable to the U.S. Customs Service, the documents will be generated and released. Please remit payment within 30 days and place the file number 2008F1621 on your check. Furthermore, I must advise you that this fee is preliminary. In the event that the search's actual costs are lower, then you will receive an appropriate refund. In the event that actual search costs exceed the preliminary estimate, then you will be billed for the excess prior to receiving the information. Please forward a check payable to the Customs Service, to: 1300 Pennsylvania Avenue, NW, Mint Annex, 7th Floor, Washington, D.C. 20229, attention FOIA Division.

EXHIBIT 3

Please notate file number 2008F1621 on any future correspondence to CBP related to this request.

Sincerely,

*Mark Hanson*

Mark Hanson
Acting Director, FOIA Division
Office of International Trade

# EXHIBIT 3



U.S. Department of Homeland Security
Washington, DC 20229

**U.S. Customs and Border Protection**

DIS-2-OFO:CTE DG
2008F1621

January 9, 2008

MEMORANDUM FOR:     PORT DIRECTOR
                    Port of New Orleans
                    Customs and Border Protection
                    Attn: Supervisor Carlos Bogran, Jr., Vessel Repair
                    1515 Poydras Street
                    New Orleans, Louisiana 70112

FROM:               Mark Hanson  *Mark Hanson*
                    Acting Director, FOIA Division
                    Office of International Trade

SUBJECT:            FOIA REFERRAL – Filings of CBP applications for relief-
                    Vessel Repair Duties

Attached please find a Freedom of Information Act (FOIA) request whose responsive records may fall within your jurisdiction. We have taken the liberty of forwarding this request to your office for review, determination of disclosure and a direct response to the requestor.

If you require assistance in processing this request, fell free to contact Program Manager David Gaddie of my staff at (202) 572-0637

Please provide a copy of your response to this office along with any fees collected in order to facilitate DHS tracking and any possible appeal by the requestor.

Thank you for your attention to this matter.

Attachments

TECS Correspondences Tracking System                                        Page 1 of 1

EXHIBIT 3

# FOIA

Thursday, January 10, 2008

| | | |
|---|---|---|
| **FOIA Number:** | **FOIA Status:** | **Date Received:** |
| 2008F1621 | Pending | 01/10/2008 |
| **Description:** | | |
| Names and addresses of Importers that have applied of relief from Vessel Repair fees. | | |
| **Requestor Last Name:** | **Requestor First Name:** | |
| Herrick | Peter | |
| **Subject Last Name:** | **Subject First Name:** | |
| Vessel Repair | applications for relief | |
| **Company Name:** | **Office Assigned:** | **Organization Assigned:** |
| **Letter Written Date:** | **Subject Date of Birth:** | |
| **Date Closed:** | **File Closed ?** | |
| | NO | |
| **Goal Completed Date:** | **Due Date:** | |
| 01/31/2008 | 02/07/2008 | |
| **Send Record Request Form:** | **Status Code(s):** | |
| NO | | |
| **Complex FOIA:** | **Fee ($):** | |
| NO | | |
| **Referral To:** | | |
| **Remarks:** | | |
| Originally received by Mr. Glen Vereb, Cargo Security CBP, who referred it to Mark Hanson. Referred to New Orleans Vessel Repair Specialists - 01/10/2008. | | |
| | **Originated:** DAVID GADDIE on 01/10/2008 | |
| | **Last Modified:** DAVID GADDIE on 01/10/2008 | |