UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETER S. HERRICK, P.A.
3520 Crystal View Court
Miami, Florida 33133,

        Plaintiff,

v.                                                                Civil Action No. 08-0036 (JR)

U. S. CUSTOM AND                                  COMPLAINT FOR
BORDER PROTECTION                            INJUNCTIVE RELIEF
1300 Pennsylvania Ave. NW
Washington, D. C. 20229,

        Defendant.
_____/

### PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES AND POINTS AND AUTHORITIES

Plaintiff, Peter S. Herrick, P. A. ["Herrick"] replies to defendant's opposition to plaintiff's motion for attorney fees. The motion is supported by an amended verified itemization of attorney time enclosed as Exhibit 1. As explained herein, Herrick's request for $9,678.90 is entirely reasonable in light of the facts of this case.

**I.    INTRODUCTION**

Herrick's complaint was substantial and caused the defendant, U. S. Customs and Border Protection ["Customs"] to change its position; the firm is therefore entitled to attorney fees pursuant to 5 U.S.C. §552(a)(4)(E)(ii)(II).

1

## II. BACKGROUND

By letter of November 15, 2007 Herrick made a Freedom of Information Act ["FOIA"] request to Customs in the format set forth in their regulations, 19 C.F.R. §103.5(c). Herrick was never informed by Customs that the "names and addresses only of those who had actually paid duties" was in a readily accessible Customs' electronic databases.[Peter S. Herrick Declaration, ¶ 3] The time period set forth in the complaint, 02/01/06 to 11/15/07, was within the time period specified in the request albeit one month shorter. Herrick was never advised that the requested information was stored in paper files in Customs' records room which had to be manually searched. [Herrick Dec. ¶ 2]

Since after the filing of the complaint, Customs was in doubt as to what was being requested, pursuant to 19 C.F.R. §103.5(e), Herrick was to be contacted to "refine the request." Basically this was done in an exchange of emails between Herrick and government counsel. [Herrick, Dec. ¶ 4]   . Since the request was "refined" for the names and addresses of companies who had paid vessel repair duties rather than the names and addresses of the companies who had filed applications for relief, the request was in conformation with Customs' regulations for FOIA requests. Furthermore, since the information sought in the complaint was "readily accessible" then there should have been no fees.

Also, the payment of the vessel repair duties and a claim for the relief from the payment of these duties are inextricably entwined as set forth in 19 C.F.R. §4.14(e) "[c]laims for relief from duty should be made generally as part of the initial submission...." To those of us unfamiliar with how Customs maintains its records it would seem that the payment of

2

vessel repair duties and claims for relief from these duties would be kept in the same electronic data base.

### POINTS AND AUTHORITIES

### III.   ARGUMENT

#### Herrick Has Substantially Prevailed And Is Entitled To Attorney's Fees Under The "Catalyst Theory"

Herrick's claim set forth in its complaint is not insubstantial. In reviewing Church of Scientology v. IRS, 792 [not 172] F. 2d 146, 150 (D.C. Cir. 1986) it is true that requesters must follow "...the statutory command that request [sic] be made in accordance with published rules...." Herrick followed such rules set forth in section 103.5(c). Further, in *Scientology* the court criticized the IRS for limiting its search and encouraged the Church to renew its motion for attorney fees.

In the instant case we do not know what search Customs performed. At first they claim they had to do a manual search. Was this ever performed? Then, when the request was "refined" they presumably searched their electronic data bases and not their paper files.

In any event, Herrick received all of the names and addresses of companies who paid vessel repair duties for the period in question. Herrick made a proper FOIA request.

In this case the exhaustion of administrative remedies was not required prior to the filing of suit and does not preclude the request for fees. The FOIA request was filed with Customs in a letter dated November 15, 2007. A response was due from Customs by December 17, 2007. 5 U.S.C. §552(a)(6)(A)(i). Lacking a response on this date Herrick was

3

deemed to have exhausted his administrative remedies. Section 552(a)(6)(C)(i). The complaint was filed on January 8, 2008. [Docket Entry 1]. Customs first response to the FOIA request was a letter dated January 9, 2008. Customs made no response prior to the filing of this suit. See, also, Seymour Pollack v. Department of Justice, 49 F. 3d 115, 119 (D.C. Cir. 1995):

> "To the extent that the district court relied on Pollack's failure to exhaust administrative remedies once the case was pending in the district court, we conclude that it erred. Under FOIA's statutory scheme, when an agency fails to comply in a timely fashion to a proper FOIA request, it may not insist on the exhaustion of administrative remedies, see 5 U.S.C. § 552(a)(6)(c), unless the agency responds to the request before suit is filed. See Oglesby v. Dep't of the Army, 287 U.S. App. D.C. 126, 920 F.2d 57 (D.C. Cir. 1990). Since in this case the Department of Justice did not respond to Pollack's request before suit was filed, it may not insist by reason of *Oglesby* that administrative remedies be exhausted. See *Oglesby*, 920 F.2d at 61." [1]

In Lowe v. DEA, 2007 WL 2104309, No. 06-1133 (D.D.C. Jul. 22, 2007) Lowe mailed the FOIA request to the wrong office. Such is not the case with Herrick's request.

Defendants characterization of all of the records sought by Herrick as a "generous accommodation" is hardly accurate since Herrick had to pay for the information and possibly should not have paid. The release of all of the records was required by FOIA.

Herrick is unaware why the government cited to Judicial Watch, Inc. v. Bureau of Land Management, 2008 WL 2554831, No. 07-1570 (D.D.C. 2008). In that case the court found that the plaintiff was a prevailing party and awarded attorney fees under the "catalyst theory."

---

[1] Since these cases were decided the 10 day period was expanded to 20 days.

4

### The Government Has Conceded Herrick's Attorney's Fees Are Proper

Because the government's opposition has failed to contest the number of hours and the rates this Court may deem Herrick's submission on these points as conceded. See, e.g. Hopkins v. Women's Div., General Bd. Of Global Ministries, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) and FDIC v. Bender, 127 F. 3d 58, 67-68 (D.C. Cir. 1997).

WHEREFORE, Herrick respectfully requests the Court to award it attorneys fees in the amount of $9,678.90 for 19.35 hours including costs.

Respectfully submitted,

/s/
PETER S. HERRICK, D.C. Bar #137935
Peter S. Herrick, P.A.
3520 Crystal View Court
Miami, Florida 33133
Tel. 305-858-2332
Fax. 305-858-6347
Email: pherrick@bellsouth.net
Attorney for Plaintiff

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the Plaintiff's Motion For Award Of Attorney Fees was sent by regular U. S. Mail to Heather Graham-Oliver, Esq., Assistant U. S. Attorney, attorney for defendant, 555 4th Street NW, Room 4-4808, Washington DC 20001 on August 14, 2008.

/s/
Peter S. Herrick

# EXHIBIT 1

**Peter S. Herrick, P.A.**
**Attorney at Law**
3520 Crystal View Court
Miami, Florida 33133
Telephone (305) 858-2332
Telecopier (305) 858-6347
Email: pherrick@bellsouth.net

Peter S Herrick, P.A.
Miami FLA

ATTN: Mr. Peter S. Herrick

Page: 1
08/13/2008
ACCOUNT NO: 83205-15
STATEMENT NO: 2

Vessel Repair FOIA

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 01/07/2008 | PSH | Research FOIA; review file; prepare complaint | 1.50 | 675.00 |
| | RL | Review DC court rules and procedures for filing complaint. Review court rules for signature page and/or electronic signatures for psh. Prepare court forms, civil cover sheet and summons. Scan and save copies. Prepare copies and burn cd for court. Prepare fed ex packet and return fed ex packet. Travel time to Bird Road Fed Ex drop off. | 1.50 | 450.00 |
| 01/08/2008 | RL | Track and confirm delivery of fed ex packet with complaint to the Lex Group for in person filing at DC Court. | 0.10 | |
| | PSH | Discussions with CBP and fax | 0.25 | 112.50 |
| 01/09/2008 | RL | Receive conformed copies summons, complaint and court forms by fed ex. Scan and save. Prepare fed ex packet for service on AUSA. Mail copies to Customs and DOJ. Travel time to late fed ex drop off. | 0.50 | |
| | PSH | Review filed complaint | 0.10 | 45.00 |
| 01/11/2008 | RL | Confirm service of process to U.S. Attorney by Fed Ex on website. Prepare certificate of service. | 0.10 | |
| 01/23/2008 | PSH | Discuss FOIA with Carlos in New Orleans | 0.10 | 45.00 |
| 02/01/2008 | PSH | Discussions with AUSA to clarify request | 0.20 | 90.00 |
| 02/04/2008 | PSH | Email to AUSA to clarify paragraph 5 | 0.25 | 112.50 |
| 02/08/2008 | PSH | Telephone discussions and exchange emails with AUSA on scheduling | 0.50 | 225.00 |
| 02/27/2008 | PSH | Letter to customs with $250 | 0.20 | 90.00 |
| 05/05/2008 | PSH | Discussions with AUSA on extending reply date and additional fees | 0.25 | 112.50 |
| 05/28/2008 | PSH | Review revised scheduling order | 0.20 | 90.00 |
| 06/12/2008 | PSH | Email Ausa to explain charges | 0.20 | 90.00 |
| 06/16/2008 | PSH | Analyze billing for documents and prepare check | 0.50 | 225.00 |
| 06/19/2008 | PSH | Review AUSA's status report to the court | 0.20 | 90.00 |
| 06/26/2008 | PSH | Analyze list of companies received from AUSA | 0.50 | 225.00 |
| | PSH | Analyze spread sheet and email Ausa for missing pages | 0.25 | 112.50 |
| | PSH | Prepare attorney fee request | 0.50 | 225.00 |
| 07/22/2008 | PSH | Government refuses to pay fees | 0.10 | 45.00 |
| 07/23/2008 | PSH | Reviewing chronology of case file | 1.00 | 450.00 |
| | PSH | Legal research on FOIA attorney fees | 2.00 | 900.00 |
| | PSH | Final preparation of time sheets | 0.75 | 337.50 |
| | PSH | Prepare motion for attorney fees | 2.00 | 900.00 |
| 07/30/2008 | PSH | Consent to extension | 0.10 | 45.00 |
| 08/12/2008 | PSH | Analyzing government opposition to motion for attorney fees | 1.00 | 450.00 |
| | PSH | Researching cases cited in government opposition and other cases | 1.50 | 675.00 |
| | PSH | Preparation of reply to government opposition to motion for attorney fees | 3.00 | 1,350.00 |

Peter S Herrick, P.A.

Page: 2
08/13/2008
ACCOUNT NO: 83205-15
STATEMENT NO: 2

Vessel Repair FOIA

|  |  | HOURS |  |
|---|---|---|---|
| FOR CURRENT SERVICES RENDERED |  | 19.35 | 8,167.50 |

| | | | |
|---|---|---|---|
| 12/31/2007 | | | |
| 07/23/2008 | Court filing fee | | 350.00 |
| 07/23/2008 | Required payments to customs for records | | 1,161.40 |
| | TOTAL EXPENSES | | 1,511.40 |
| | TOTAL CURRENT WORK | | 9,678.90 |
| | BALANCE DUE | | $9,678.90 |

I, Peter S. Herrick, declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. §1746.

Executed on August 13, 2008

_____
Peter S. Herrick

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETER S. HERRICK, P.A.
3520 Crystal View Court
Miami, Florida 33133,

        Plaintiff,

v.                        Civil Action No. 08-0036 (JR)

U. S. CUSTOM AND
BORDER PROTECTION
1300 Pennsylvania Ave. NW
Washington, D. C. 20229,

        Defendant.
_____/

### DECLARATION OF PETER S. HERRICK

I, Peter S. Herrick, make this declaration upon information and belief:

1. I am the principal attorney for the plaintiff, Peter S. Herrick, P.A. ["Herrick"]

2. Prior to the filing of the complaint I was not informed by the U. S. Customs and Border Protection ["Customs"] that they would have to perform a manual search for the information Herrick requested.

3. I was never informed by Customs that companies who had filed an application for relief were stored as paper files and companies who paid duties were stored in an electronic data base.

4. Enclosed as Exhibit A are an exchange of emails between myself and counsel for the government during the period February 4 to 8, 2008. The emails were meant to

1

clarify the information Herrick was requesting.

I declare under penalty of perjury that the foregoing is true and correct, including Exhibit A to the best of my knowledge and belief.

Executed on August 13, 2008.

_____
Peter S. Herrick

# EXHIBIT A

# Peter Herrick

| | |
|---|---|
| **From:** | Peter Herrick [pherrick@bellsouth.net] |
| **Sent:** | Monday, February 04, 2008 4:08 PM |
| **To:** | 'heather.graham-oliver@usdoj.gov' |
| **Subject:** | Herrick v. Customs |

Dear Ms. Graham-Oliver: This is to confirm last weeks telephone conversation regarding paragraph 5 of the complaint. We are requesting the names and addresses of companies who have paid duties on their vessel repairs for the period February 1, 2006 to November 15, 2007.

Sincerely,

Peter S. Herrick

8/12/2008

**Peter Herrick**

**From:** Peter Herrick [pherrick@bellsouth.net]
**Sent:** Friday, February 08, 2008 2:06 PM
**To:** 'Graham-Oliver, Heather (USADC)'
**Subject:** RE: Herrick, P.A. 08-0036 (RBW)

The dates are ok

---

**From:** Graham-Oliver, Heather (USADC) [mailto:Heather.Graham-Oliver@usdoj.gov]
**Sent:** Friday, February 08, 2008 1:39 PM
**To:** pherrick@bellsouth.net
**Subject:** Herrick, P.A. 08-0036 (RBW)


Mr. Herrick:

I understand that the aforementioned lawsuit has been brought to obtain the names and addresses of companies who have paid duties on their vessel repairs for the period February 1, 2006 to November 15, 2007. This request is different from your original FOIA request of November 15, 2007. However, you have agreed to the Agency proceeding with the FOIA request as presented in your complaint instead of the original request actually received by Customs.

As a result, we will need time to process your amended request and then to file the necessary documents with the Court. We will need at least 90 days in order to engage in the process of completing business submitter notifications per 19 C.F.R. § 103.35. I will be filing an answer to the 0036 complaint on February 11, 2008. I will also be filing a Stipulated Scheduling Order with specified dates. I will need your consent to the dates.

If necessary and we cannot resolve any of the issues that might come up---Defendant will file its Motion for Summary Judgment on May 27, 2008. According to the local rules, oppositions are typically due 11 days thereafter and then replies 7 days after that. I propose that you file your opposition on June 10, 2008 and I file my Reply on June 24, 2008.

Let me know if these dates are O.K, with you or if you would like more time to file your opposition. Once I hear from you, I will prepare the Scheduling Order and hopefully be able to file it on Monday along with the answer.


Heather Graham-Oliver

Asst. United States Attorney

555 Fourth St., NW

Rm. 4-4808

Washington, D.C. 20530

(202) 305-1334